UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMERCE INSURANCE COMPANY, )<br>a/s/o Glenn D. Butler )<br>    Plaintiff )<br>)<br>v. )<br>)<br>FEDERAL EMERGENCY MANAGEMENT )<br>AGENCY, )<br>    Defendant )<br>_____) | Civ. No. _____ |

## COMPLAINT AND JURY DEMAND

Plaintiff, Commerce Insurance Company a/s/o Glenn D. Butler ("Commerce"), by its undersigned attorneys, alleges:

1. Commerce brings this action under the Federal Tort Claims Act ("FTC Act"), 28 U.S.C. § 1346(b), to secure judgment in the amount of $9,999.35 and other equitable relief as the Court deems fair and just, against the Defendant, Federal Emergency Management Agency ("FEMA"), for its negligence in causing property damage and related costs for which Commerce paid claims.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b).

3. Venue in this District is proper under 28 U.S.C. § 1391(e)(1)(B).

### The Parties

4. The plaintiff, Commerce, is a duly organized corporation doing business within the Commonwealth of Massachusetts maintaining a business at 11 Gore Road,

Webster, MA.

5. The defendant, FEMA, is an agency of the United States Department of Homeland Security, with its headquarters located at 500 C. Street Southwest, Washington, DC 20472 and a regional office located at 99 High Street, 6th floor, Boston, MA 02110.

6. The subrogor, Glenn D. Butler ("Butler"), is a resident of the Commonwealth of Massachusetts and resides at 325 Winter Street, Holliston, MA 12746.

## The Facts

7. At all relevant times, Commerce insured the vehicle owned by Butler.

8. At all relevant times, David Chipman ("Chipman"), was employed by the defendant, FEMA.

9. On or about June 6, 2011, Sharon Considine-Butler was operating the vehicle owned by Butler with his knowledge and consent.

10. On or about June 6, 2011, Sharon Considine-Butler stopped Butler's vehicle on Washington Street, Holliston, MA, to allow FEMA's tractor trailer truck to exit a parking lot.

11. At the same time and place, Chipman was attempting to exit FEMA's parking lot onto Washington Street, Holliston, MA, in FEMA's tractor trailer truck, within the course and scope of his employment.

12. While Chipman was attempting to exit the parking lot, he collided with Butler's vehicle, causing damage.

13. Commerce submitted a Claim for Damage, Injury, or Death, pursuant to 28 U.S.C. § 2401(b), which was received by FEMA on September 21, 2012. (Form and acceptance attached hereto as Exhibits 1 and 2)

## Count One – Negligence against Federal Emergency Management Agency

14. Commerce hereby re-alleges each and every allegation contained within paragraphs 1 through 13 as it specifically sets forth herein.

15. On June 6, 2011, a FEMA employee, carelessly and negligently operated a FEMA motor vehicle during the course and within the scope of his employment.

16. Due to the defendant's employee's negligence, a motor vehicle accident occurred with another vehicle owned by Butler. Consequently, the defendant's employee's negligence caused the plaintiff to suffer damages.

17. As a result and in accordance with the terms and conditions of Butler's automobile insurance policy, claims were made against Commerce for property damage and rental.

18. Commerce paid the sum of $9,999.35 in satisfaction of its obligation to and/or on behalf of its insured.

19. Pursuant to the terms and conditions of the automobile insurance policy and applicable Massachusetts law, Commerce now stands subrogated to the rights and causes of actions of Butler, the subrogor, to the extent of payments made to and/or on behalf of each and asserts its subrogation rights through this Complaint.

20. Commerce states the motor vehicle accident was caused by the negligence and carelessness of the defendant's employee.

**WHEREFORE**, the plaintiff seeks judgment against the defendant in the amount of $9,999.35 and such other and further relief that this Honorable Court deems fair and just.

## REQUEST FOR JURY TRIAL

The plaintiff, Commerce, respectfully requests a jury trial on all issues pleaded or to be pleaded.

Respectfully Submitted,
Commerce Insurance Company
By its attorneys,

Jacques N. Parenteau
BBO#559745
Jp@parrparenteau.com
Diana D. O'Hara
BBO#642384
Do@parrparenteau.com
**Parr & Parenteau, P.C.**
10 Tower Office Park, Suite 415
Woburn, MA 01801
(781) 939-0901

Dated: 10/22/13

# EXHIBIT 1

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB No. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: <br><br>FEMA office of the Chief Council <br>Mission Support Law Division <br>c/o Jacqueline Nantier-Hopewell <br>500 C St, SW Room 717 <br>Washington, DC 20472 | 2. Name, address of claimant, and claimant's personal representative, if any. (See instructions on reverse.) Number, Street, City, State and Zip code. <br>Commerce Insurance Company   TIN #: 042495247 <br>211 Main Street <br>Webster, MA  01570 <br>As Subrogee of Glenn D Butler |
|---|---|

| 3. TYPE OF EMPLOYMENT <br>☐ Military ☒ Civilian | 4. DATE OF BIRTH <br>N/A | 5. MARITAL STATUS <br>N/A | 6. DATE AND DAY OF ACCIDENT <br>6/6/2011, Monday | 7. TIME (A.M. or P.M.) <br>1:03P.M. |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

Commerce vehicle # 51YN85 was traveling straight on Washingtton Street in Holliston, MA with the right of way when F.E.M.A vehicle # DHS50660T driven by David Chipman, exited F.E.M.A's parking lot attempting a left hand turn in front of our vehicle. Commerce was at a complete stop to allow the tractor trailer to exit the lot but the trailor cut the corner too closely and ripped off part of our driver's side front end. Seeking 100%

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State and Zip Code)

Glenn D. Butler  325 Winter Street  Holliston, MA 01746

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

2007 Honda Pilot- driver's side front fender and bumper damage

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

N/A

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| N/A | N/A |

12. (See instructions on reverse)   AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| $9301.68 collision + $697.67 rental | N/A | N/A | $9999.35 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) <br><br>Subrogation Specialist | 13b. PHONE NUMBER OF PERSON SIGNING FORM <br>800-221-1605, x15645 | 14. DATE OF SIGNATURE |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | |

Authorized for Local Reproduction
Previous Edition is not Usable.
95-109

NSN 7540-00-634-4046

**STANDARD FORM 95** (Rev. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☒ Yes   If yes, give name and address of insurance company (Number, Street, City, State and Zip Code) and policy number.  ☐ No

Commerce Insurance Company
211 Main Street
Webster, MA 01570

Policy     HZ6400
Effective  7/12/10-7/12/11

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?  Yes ☒  No ☐

Loss #:  XJK102 / TYYY69

17. If deductible, state amount.

N/A

18. If claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

Commerce Insurance seeks recovery as subrogee of the above named insured.

19. Do you carry public liability and property damage insurance? ☒ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State and Zip Code)   ☐ No

Same as #15 above.

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

**(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

# EXHIBIT 2

U.S. Department of Homeland Security
Washington, DC 20472



## CERTIFIED MAIL-RETURN RECEIPT REQUESTED
July 24, 2013

Commerce Insurance Company
Attn: Lisa L. Antocci, Subrogation Specialist
211 Main Street
Webster, MA 01570

> Re: Federal Tort Claim of Glenn Butler
> Commerce File: XJK102/TYYY69

Dear Ms. Antocci,

The Federal Emergency Management Agency (FEMA) is in receipt of an undated Standard Form 95 (SF95) "Claim for Damage, Injury, or Death," dated September 21, 2012. Your insured alleges that FEMA employee David Chipman exited a FEMA parking lot while driving a FEMA semi-truck, made a left turn in front of your insured's vehicle, and struck it while it was stopped to permit Mr. Chipman to make the left turn. However, the witnesses at the scene reported that your insured was not stopped, but had rolled into the path of the turning FEMA truck and then attempted to back up upon determining they were too close.

Accordingly, after a review of the merits of your claim and the supporting documents submitted, I hereby deny your claim. If you are dissatisfied with this denial, suit may be filed in an appropriate United States District Court not later than six months after the date of mailing of the denial of this claim (See 28 U.S.C. § 2401 (b)).

Sincerely,

Kevin D. Yusman
Deputy Associate Counsel for Mission Support
Federal Litigation and Claims
FEMA Office of Chief Counsel

www.fema.gov